CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 24 2015

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JACK NELSON SHORTT,<br>    Petitioner, | Civil Action No. 7:14-cv-00431 |
| v. | **MEMORANDUM OPINION** |
| S.K. YOUNG, Warden<br>    Respondent. | **By:   Hon. Glen E. Conrad**<br>**Chief United States District Judge** |

Jack Nelson Shortt, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 2011 convictions for conspiracy to distribute methamphetamine and distribution of methamphetamine. After review of the record in this case, as well as trial and habeas corpus records provided from the state courts, the court concludes that respondent's motion to dismiss must be granted.

## *Background*

A Tazewell County Circuit Court jury found Shortt guilty of conspiracy to distribute methamphetamine and distribution of methamphetamine under Va. Code Ann. § 18.2-248 on September 28, 2011. (Nos. CR 11000782-01 and CR 11000782-02.) On December 13, 2011, the Court imposed the fifteen-year sentence recommended by the jury. Shortt never noted an appeal to the Court of Appeals of Virginia. On October 22, 2012, Short filed a motion with the Court of Appeals, requesting a delayed appeal. The Court denied that motion as untimely on November 5, 2012.

Shortt subsequently filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on December 26, 2012, in which he claimed that his trial counsel was

constitutionally ineffective for not filing an appeal.  (Record No. 122189.)  On August 15, 2013, the Court instructed the Circuit Court of Tazewell County to hold an evidentiary hearing to consider (1) whether counsel consulted with Shortt about an appeal; (2) whether Shortt instructed counsel not to file an appeal; and (3) if counsel did not consult with Shortt, whether counsel had a constitutionally imposed duty to consult with him about an appeal. The Circuit Court held the hearing on November 8, 2013, taking testimony from Shortt, Shortt's friend April Shortt, trial counsel Carla Faletti, and co-counsel Ann-Margaret Brammer.

On January 8, 2014, the Circuit Court issued its findings of fact, concluding that (1) counsel consulted with Shortt regarding an appeal immediately following the jury's verdict, reasonably discussed the advantages and disadvantages of an appeal, and was reasonably diligent in determining whether Shortt wanted to appeal; (2) Shortt did not instruct counsel to file an appeal, refused to consider an appeal immediately following the verdict, and did not indicate that he wanted to appeal on three subsequent opportunities; and (3) counsel consulted with Shortt regarding an appeal.  (Doc. No. 5-3 at 2-3.)  Bound by the factual findings of the Circuit Court, the Supreme Court of Virginia held that counsel was not constitutionally ineffective under the two-part test established by Strickland v. Washington, 466 U.S. 668, 687 (1984), and dismissed the petition for a writ of habeas corpus on June 23, 2014.  Shortt timely filed his petition in this court on August 13, 2014.

### Standard of Review

The court must consider habeas petitions filed under § 2254 under the requirements set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides that:

2

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of that claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); see also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011).

A claim is considered "adjudicated on the merits" when it is "substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Young v. Catoe, 205 F.3d 750, 755 (4th Cir. 2000) (quoting Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999)). A state court adjudication is "contrary to" clearly established federal law only if "the state court arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court ruling is "unreasonable" if it "identifies the correct governing legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. "[W]e will not discern an unreasonable application of federal law unless 'the state court's decision lies well outside the boundaries of permissible differences of opinion.'" Tice, 647 F.3d at 108 (quoting Goodman v. Bertrand, 467 F.3d 1022, 1028 (7th Cir. 2006). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S.

3

231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### Discussion

Shortt contends that his trial counsel was constitutionally ineffective for failing to file a notice of appeal. The Sixth Amendment to the United States Constitution guarantees that, in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. That right extends to assistance of counsel during the defendant's first appeal after conviction. See Douglas v. California, 372 U.S. 353 (1963) (establishing constitutional right to appointed counsel on first appeal). To show ineffective assistance of counsel, a petitioner must establish, first, a deficient performance by counsel, and, second, that the deficient performance prejudiced him. Strickland, 466 U.S. at 687-88. In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

In the context of counsel's failure to file an appeal of right, the Supreme Court has ruled that "counsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The Court defined a proper consultation as "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. "[A] defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Id. at 477. To show prejudice,

4

a petitioner "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

Shortt's ground for relief fails. First, the state court specifically found that his counsel, Carla Faletti, consulted with him regarding an appeal immediately following the verdict, discussing with him the advantages and disadvantages of taking an appeal. During the evidentiary hearing conducted by the state court, Faletti testified that she discussed the option of an appeal with Shortt and that he expressed that he simply wanted to be finished with the case. Faletti admitted that she told Shortt that she thought his chances of success were slim, but she testified that she would have filed a notice of appeal if he had at any point asked her to. (Doc. No. 5-4 at 49-51.) Co-counsel, Ann-Margaret Brammer, also testified that Faletti had this discussion with Shortt and that Shortt expressed no desire to appeal. (Id. at 64-66.) In the three subsequent meetings between Shortt and his counsel, Shortt never expressed a desire to appeal. Shortt testified that, having no way to reach Faletti from jail himself, he instructed April Shortt to contact counsel and convey his desire to appeal. Although April Shortt testified that she called Faletti several times and left messages, she gave no details as to the dates of these calls or the specific contents of the messages. The state court thus credited the testimony of counsel that she was never contacted about Shortt's change of heart regarding his appeal.

Because Shortt has not provided clear and convincing evidence sufficient to rebut the presumption that the state court's findings of fact were correct, this court cannot conclude that the state court made an unreasonable determination of the facts or unreasonably applied Flores-Ortega or Strickland when it concluded that Shortt's counsel did not perform

deficiently. The state court found that counsel consulted with Shortt regarding his appeal as required and that Shortt expressed no desire to pursue an appeal. Furthermore, because Shortt presented no evidence that he asserted his desire to appeal to counsel in a timely fashion, he is unable to show any prejudice resulting from counsel's actions.

Shortt cites United States v. Iberson, 705 F. Supp. 2d 504 (W.D. Va. 2010), in support of his argument that counsel's post-verdict discussion of appeal with him did not rise to the level of consultation required by Flores-Ortega, but that case is distinguishable.[1] First, the petitioner in Iberson was a federal defendant, filing a habeas corpus petition under 28 U.S.C. § 2255 and challenging his counsel's failure to file an appeal in a case in which he had submitted a guilty plea subject to a plea agreement. As such, the original ruling was not subject to the stricter standard of review dictated by § 2254. Furthermore, the district court found that counsel had failed to advise his client of the advantages of pleading guilty without a plea agreement, had failed to explain the minimal benefit of the plea agreement offered and taken (which waived his client's rights to appeal), and had failed to advise his client that he may have a non-frivolous ground for appeal. Shortt, on the other hand, has not demonstrated that counsel's discussion of his appeal rights was insufficient or that he had non-frivolous grounds to appeal. Subject to the much more stringent review standard of § 2254, Shortt's case is not similar enough to Iberson's to call into question the reasonableness of the state court's ruling.

In sum, Shortt's ground for relief is denied.

---

[1] "Advice regarding an appeal's chances for success is not the equivalent of discussing the advantages and disadvantages of appeal, in accord with the duty to consult as defined in Flores-Ortega," Iberson, 705 F. Supp. 2d at 512.

### *Conclusion*

For the reasons stated herein, I will grant respondent's motion to dismiss Shortt's petition for a writ of habeas corpus. An appropriate order will enter this day.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and to all counsel of record.

ENTER: This _____23ʳᵈ_____ day of June, 2015

_____
CHIEF UNITED STATES DISTRICT JUDGE